UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMY SNODGRASS, | ) | Case No. EDCV 08-964 JC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER OF REMAND |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) ) | |
| Defendant. | ) | |

**I.  SUMMARY**

On July 25, 2008, plaintiff Amy Snodgrass ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; July 31, 2008 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand because the Administrative Law Judge ("ALJ") did not properly assess the credibility of plaintiff's subjective complaints.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 28, 2003, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 42-44). Plaintiff asserted that she became disabled on October 10, 1991, due to epilepsy. (AR 49). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on December 2, 2004. (AR 247-290). The ALJ issued his first decision denying benefits on March 2, 2005. (AR 12-16). This Court entered a stipulated judgment of remand on March 27, 2006. (AR 310-11; see AR 307-09). The ALJ then conducted another hearing on January 23, 2008, at which a medical expert and a vocational expert testified. (AR 521-39).

On March 21, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision (the "Post-Remand Decision"). (AR 294-99). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment of a seizure disorder (AR 296); (2) plaintiff did not have an impairment or combination of impairments that met or medically equalled one of the listed impairments (AR 296); (3) plaintiff retained the residual functional capacity to perform sedentary work with certain limitations[1] (AR 296); (4) plaintiff has no past relevant work (AR 298); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR

---

[1] Specifically, the ALJ determined that plaintiff "is precluded from balancing, working at unprotected heights and around dangerous machinery. She should avoid extremes of temperatures and industrial loud noises. She can occasionally balance, stoop, kneel, crouch and crawl." (AR 296).

298); and (6) plaintiff's allegations regarding her limitations were not entirely credible. (AR 297). The Appeals Council did not review the ALJ's decision, and the Post-Remand Decision became the final decision of the Commissioner. See 20 C.F.R. § 416.1484(d).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)  Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)  Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3)  Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled.[2] If not, proceed to step four.

---

[2]An impairment matches a listing if it meets all of the specified medical criteria. Sullivan v. Zebley, 493 U.S. 521, 530 (1990); Tackett, 180 F.3d at 1098. An impairment that manifests
(continued...)

|   |   |   |
|---|---|---|
| | (4) | Does the claimant possess the residual functional capacity to perform her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

     **B.**    **Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

///

---

[2](...continued)
only some of the criteria, no matter how severely, does not qualify.  Sullivan, 493 U.S. at 530; Tackett, 180 F.3d at 1099.  An unlisted impairment or combination of impairments is equivalent to a listed impairment if medical findings equal in severity to all of the criteria for the one most similar listed impairment are present.  Sullivan, 493 U.S. at 531.

mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Improperly Assessed Plaintiff's Credibility.

Plaintiff contends that the ALJ improperly evaluated the credibility of plaintiff's subjective complaints.  (Plaintiff's Motion at 4-8).  The Court agrees.

#### 1. Pertinent Law

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis."  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"  Lingenfelter, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'"  Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).   "The ALJ must cite the reasons

why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13[3]; quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

  **2. Analysis**

 In this case, the ALJ found that plaintiff's "medically determinable impairment could reasonably be expected to produce the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extend they are inconsistent with the residual functional capacity assessment." (AR 297). The ALJ provided several reasons for discounting plaintiff's credibility. The Court finds none of them to be clear and convincing.

---

[3]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

First, the ALJ appeared to conclude that a lack of objective medical evidence supporting the extent of plaintiff's subjective limitations reduced her credibility. (AR 297-98). An ALJ may consider lack of medical evidence supporting the degree of limitations, but it "cannot form the sole basis for discounting" subjective symptom testimony. Burch, 400 F.3d at 681. As discussed below, the ALJ provided no other valid reason for discounting plaintiff's testimony. Thus, to the extent the ALJ correctly concluded that there was a lack of objective medical evidence to substantiate plaintiff's claims, this reason does not alone suffice to discount her credibility.

Next, the ALJ noted that plaintiff was "only partially compliant" with her prescribed treatment of Tegretol. (AR 298). As support for this assertion, the ALJ relied on evidence that plaintiff arrived at the emergency room after she had "run out of . . . Tegretol and [taken] her last dose [that] morning" (AR 417[4]), and one blood test indicating a Tegretol level that the medical expert testified was sub-therapeutic. (AR 298; see AR 135, 527). Although plaintiff allowed herself to run out of Tegretol, she went to the emergency room that same day and obtained a refill of her prescription. (AR 417-18). This one-time occurrence does not clearly and convincingly undermine plaintiff's credibility. See Edlund v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001) (error for ALJ to "selectively focus[] on . . . [evidence] which tend[s] to suggest non-disability"). Similarly, without further explanation, one blood test indicating a sub-therapeutic level of Tegretol (AR 135) over a multi-year period does not suffice to impugn plaintiff's credibility. The medical expert acknowledged that three other blood tests in the record indicated a

---

[4]The ALJ's citation to page 89 of Exhibit 11F appears to be erroneous. (AR 298). The medical expert mentioned page 89 of Exhibit 11F (AR 526-27) but later corrected the reference to page 39 of 11F (AR 527). Page 89 of Exhibit 11F is not related to the ALJ's statement the plaintiff was partially compliant with her prescribed treatment. (See AR 466, 514 [either of which could be construed to be page 89 of Exhibit 11F]).

therapeutic level of Tegretol (AR 527, 530; see AR 365, 366, 377 (Tegretol levels from 2003, 2004, and 2005). The record contains two additional blood tests indicating therapeutic levels of Tegretol in 2007. (AR 503, 520). Moreover, the medical expert testified that the "Tegretol didn't seem to control whatever she was having" and that the medication may "harm [a] fetus" (AR 527, 532), suggesting that plaintiff may have had valid reasons for halting her Tegretol regime if she in fact did so. (See AR 97 (physician wrote "Switch to other (less teratogenic) med[ication]?" after noting that plaintiff was on Tegretol but was "trying to get pregnant"), 394 (radiology report noting that plaintiff had had two stillbirths, a tubal pregnancy, and five miscarriages)).

Similarly, the ALJ's observation that plaintiff "refused Depakote" (AR 527) does not suffice to discredit her testimony without additional explanation. Although an ALJ may consider "unexplained or inadequately explained failure . . . to follow a prescribed course of treatment" in assessing a claimant's credibility, Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996), here there is no evidence regarding plaintiff's reasons for allegedly refusing to take the medication. The only relevant evidence of record appears to be a consultation report indicating a prescription for Depakote in August 1999 and a notation in February 2000 that plaintiff was "taking Tegretol, but not Depakote." (AR 100, 169). Without further development of the record on this issue, plaintiff's alleged refusal to take Depakote does not malign her credibility.

Finally, the ALJ may have intended his summary of plaintiff's daily activities (AR 297) as a reason for discounting her credibility. Although an ALJ may legitimately discount a claimant's credibility if her daily activities contradict her other testimony or demonstrate a capacity to engage in substantial gainful activity, see Orn, 495 F.3d at 639, here the ALJ made no such findings regarding

///
///

plaintiff's daily activities. On the current record, plaintiff's daily activities do not clearly and convincingly undermine her credibility.

Remand is warranted for the ALJ to reassess plaintiff's credibility.[5]

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 6, 2010

                                          /s/
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE

---

[5] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).